UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NATALIA CROUCHMAN,

        Plaintiff,

v.                                                         Civ. No. 14-0002 MCA/LAM

ROSWELL HOSPITAL CORPORATION, INC.,
and COMMUNITY HEALTH SYSTEMS, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Community Health Systems, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"), filed January 8, 2014 [Doc. 5]. The Court, having considered the motion, brief, and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be GRANTED.

## BACKGROUND

On September 20, 2013, Plaintiff Natalia Crouchman ("Plaintiff") filed her Complaint for Breach of Contract, Violation of the New Mexico Human Rights Act, Intentional Infliction of Emotional Distress, and Violation of Title VII of the Civil Rights Act of 1964 ("Complaint") [Doc. 1-2] in the Fifth Judicial District Court, County of Chaves, State of New Mexico. The claims in the Complaint arise out of Defendants' alleged employment discrimination against and harassment of Plaintiff in violation of Title VII of the Civil Rights Act, the New Mexico Human Rights Act, and the New Mexico common law. On January 1, 2014, Defendant Roswell Hospital Corporation, Inc. d/b/a Eastern New Mexico Medical Center (the "Hospital") timely filed its Notice of Removal pursuant to 28 U.S.C. Sections 1331 and 1441. [Doc. 1 at 1]. Defendant Community Health Systems, Inc. ("CHSI") consented to removal. [*Id.* at 1 n.1].

On January 8, 2014, Defendant CHSI filed its Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. 5], and attached the affidavit of Ben C. Fordham, Vice President and Chief Litigation Counsel for Community Health Systems Professional Services Corporation in support of the motion. [Doc. 5-1]. In his affidavit, Fordham explains that he has personal knowledge regarding the corporate status and activities of Defendant CHSI. [*Id.* ¶ 2]. Specifically, Fordham attests that CHSI is a Delaware corporation with its principal place of business in Tennessee, that CHSI indirectly owns (through subsidiaries) more than 130 hospitals nationwide, and that CHSI does not operate any of its indirectly-owned hospitals, including the Defendant Hospital. [*Id.* ¶¶ 2, 3]. Fordham attests that CHSI does not transact business in New Mexico, is not registered to do business in New Mexico, has not appointed an agent for service of process in New Mexico, has no office or place of business in New Mexico, has no real property, clients, or employees in New Mexico, does not advertise, market or offer services for sale in New Mexico, has no regular business in New Mexico, and maintains no control over any entities in New Mexico. [*Id.* ¶¶ 8-10].

Fordham further attests that CHSI does not operate the Hospital, that CHSI is not party to any agreement with the Hospital for the operation of the Hospital, and that CHSI does not control the day-to-day operations of the Hospital. [*Id.* ¶¶ 4, 11]. Moreover, Fordham asserts that CHSI does not exercise any control over the work performed by the Hospital's employees, that CHSI does not employ any of the staff at the Hospital (including Plaintiff or any of her supervisors or co-workers), that CHSI does not hire, train, supervise, or discipline the Hospital's employees, that CHSI does not control the manner in which, or details of how, the employees' work is performed or the resolution of disputes concerning Hospital staff, that CHSI was not responsible for any employment decision regarding Plaintiff, her supervisors, or her co-workers, and that CHSI was

2

not otherwise involved in any of the acts or omissions alleged in the Complaint.   [*Id.* ¶¶ 10-14].

Fordham also attests that CHSI maintains separate accounting and banking records from those of the Hospital and that patients treated at the Hospital pay the Hospital and not CHSI.   [*Id.* ¶ 5].   In addition, Fordham explains that there is no overlap (and was no overlap at the time of the incidents giving rise to the Complaint) between the board of directors of CHSI and the board of trustees of the Hospital, and that CHSI and the Hospital convene separate meetings of their respective boards and maintain separate minutes of board meetings.   [*Id.* ¶ 8].   Finally, Fordham attests that CHSI does not require the Hospital to adopt any bylaws or to adopt or maintain policies, procedures, or an employee handbook, and that CHSI does not draft or implement the Hospital's employment policies, procedures, or handbook.   [*Id.* ¶¶ 7, 11, 13].

Plaintiff has not filed a response to the Motion to Dismiss or any affidavit to dispute the facts set forth in Fordham's affidavit.

## **STANDARD**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(2) tests a plaintiff's theory of personal jurisdiction as well as the facts supporting personal jurisdiction. The Rule 12(b)(2) standard governing a motion to dismiss for lack of personal jurisdiction is well established.   When a defendant challenges a federal district court's jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction exists.   *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted).   In the preliminary stages of litigation, this burden is "light," and prior to trial a "plaintiff is only required to establish a prima facie showing of [personal] jurisdiction."   *Doe v. Nat'l Med. Serv.*, 974 F.2d 143, 145 (10th Cir. 1992).   The plaintiff may make the required prima facie showing by coming forward with facts, via affidavit or other written materials, that would

support jurisdiction over the defendant if true. *See OMI Holdings v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). Only the well-pled facts of a plaintiff's complaint, however, as opposed to mere conclusory allegations in pleadings or other materials, must be accepted as true. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008); *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). Moreover, a plaintiff's jurisdictional allegations are not automatically accepted as true when contradicted by affidavit, although if the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor. *See Wenz*, 55 F.3d at 1505.

## DISCUSSION

The Fourteenth Amendment's Due Process Clause requires that a defendant be subject to a federal district court's personal jurisdiction before a judgment can be rendered against it. *See World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291 (1980). To determine whether a district court may exercise personal jurisdiction over a nonresident defendant in a federal question action brought pursuant to 28 U.S.C. Section 1331, the court must analyze two questions. *See Dudnikov*, 514 F.3d at 1070. First, the court must ask whether any applicable statute authorizes the service of process on the defendants. *See id.*; *see also* Fed. R. Civ. P. 4(k)(1)(C) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute."). Second, the court must examine whether the exercise of such statutory jurisdiction comports with constitutional due process demands. *See Dudnikov*, 514 F.3d at 1070 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)).

Regarding the first question, Title VII does not provide for nationwide service of process. *See Walker v. THI*, 801 F. Supp. 2d 1128, 1143 (D.N.M. 2011) (citations omitted). Therefore, the Court must apply New Mexico law to determine whether it has personal jurisdiction over CHSI.

*See Dudnikov*, 514 F.3d at 1070 (explaining that if the federal statute does not provide for nationwide service of process, a district court must apply the law of the forum state to determine whether personal jurisdiction exists) (citing Fed. R. Civ. P. 4(k)(1)(A) & (C)); *Walker*, 801F. Supp. at 1143 (explaining that because Title VII does not provide for nationwide service of process, "'Fed.R.Civ.P. 4(k)(1)(A) commands the Court to apply the law of the state in which the district court sits'") (quoting *Dudnikov*, 514 F.3d at 1070); Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]"). New Mexico's long-arm statute, in turn, confers the maximum jurisdiction permissible consistent with the Due Process Clause in the Fourteenth Amendment to the United States Constitution. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M. 2002) (citation omitted). Thus, in this case, the first statutory inquiry effectively collapses into the second constitutional analysis. *See Dudnikov*, 514 F.3d at 1070.

Regarding the second question, the Due Process Clause requires, for a court to assert personal jurisdiction over a defendant, that a defendant have (1) sufficient "minimum contacts" with the forum state (2) such that subjecting the defendant to the court's jurisdiction will not offend traditional conceptions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The Court addresses these two constitutional requirements in turn.

I.   Minimum Contacts.

A plaintiff may satisfy the "minimum contacts" standard arising under the Due Process Clause by making a prima facie showing that the court may exercise either general or specific

jurisdiction over the defendant. Plaintiff does not indicate whether the Court's jurisdiction over Defendant CHSI is general or specific. CHSI argues, under either theory, that Plaintiff has failed to satisfy its burden of establishing that CHSI has sufficient minimum contacts with New Mexico to allow the Court to exercise jurisdiction over it.

      A.     <u>General Jurisdiction</u>.

The Court first considers whether Plaintiff has established a prima facie showing of general jurisdiction. General jurisdiction requires a plaintiff to demonstrate that a defendant's contacts with the forum state were so pervasive as to confer personal jurisdiction by the continuous and systematic nature of the defendant's in-state activities. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1090-91 (10th Cir. 1998); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532-33 (10th Cir. 1996). Stated differently, the defendant's affiliations with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum [s]tate." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2001); *see also Rosenberg v. Deutsche Bank AG*, No. 11-CV-2200, 2012 WL 1963356 (D. Colo. May 22, 2012). If a plaintiff makes a prima facie showing of general jurisdiction, a court can exercise personal jurisdiction over the defendant even if the plaintiff's underlying suit is unrelated to the defendant's contacts with the forum state. *See Helicopteros*, 466 U.S. at 415.

In general, a corporate entity's contacts are sufficiently continuous and systematic such that the entity is "at home" in the forum state when the state is the entity's domicile, the place of incorporation, or the principal place of business. *See Goodyear Dunlap*, 131 S. Ct. at 2853-54 (citation omitted); *accord Rosenberg*, 2012 WL 1963356, at *5 (citation omitted). Our Tenth Circuit has explained that in assessing contacts with a forum, relevant factors include "(1) whether

the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements . . . or bank accounts; and (4) the volume of business conducted in the state." *Trierweiler*, 90 F.3d at 1533 (citing 4 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1069, at 348-55 (2d ed. 1987) (citing cases)).

The evidence does not support any basis for finding that Defendants were essentially "at home" in New Mexico. Indeed, New Mexico is not CHSI's domicile, place of incorporation, or principle place of business and not one of the four factors articulated by our Tenth Circuit weighs in favor of a finding of sufficient minimum contacts. *Cf. id.* To the contrary, the uncontroverted facts set forth in the Fordham affidavit establish that CHSI is not "at home" and does not have any contacts—let alone systematic and continuous contacts—with New Mexico. More specifically, although the Fordham affidavit indicates that CHSI is the remote parent company of the Hospital, it also explains that CHSI is a Delaware corporation with its principal place of business in Tennessee, that CHSI does not transact business in New Mexico, is not registered to do business in New Mexico, has not appointed an agent for service of process in New Mexico, has no office or place of business in New Mexico, has no real property, clients, or employees in New Mexico, does not advertise, market, or offer services for sale in New Mexico, has no regular business in New Mexico, and does not maintain control over any entities in New Mexico.

Plaintiff bears the burden of demonstrating that this Court may exercise personal jurisdiction over CHSI. *Cf. McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted). Here, Plaintiff has not presented any facts by affidavit that would controvert the assertions in the Fordham

affidavit or otherwise support this Court's general jurisdiction over CHSI. Furthermore, although a plaintiff can rely upon its well-pled allegations in the complaint, *cf. Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987), it may only do so to the extent that those allegations are not contradicted by affidavit. *Cf. Wenz*, 55 F.3d at 1505 (explaining that a plaintiff's jurisdictional allegations are not automatically accepted as true when contradicted by affidavit, unless the parties present conflicting affidavits, in which case all factual disputes must be resolved in the plaintiff's favor). Thus, although Plaintiff alleges that the Court exercises personal jurisdiction over Defendant CHSI, [Doc. 1-2, ¶ 5, at 2], the Court does not automatically accept this allegation as true because CHSI has presented facts—which Plaintiff has failed to controvert—that do not support a finding of general personal jurisdiction.[1] These uncontroverted facts in the Fordham affidavit do not establish that Defendant CHSI has a continuous and systematic presence in New Mexico. To the contrary, other than CHSI's status as the remote parent company of the Hospital, there are no facts before the Court indicating that CHSI has any presence at all in New Mexico. Because the uncontroverted facts do not show that CHSI has any continuous or systematic contacts with New Mexico, the Court concludes that Plaintiff has not met her prima facie burden of demonstrating that the Court has general jurisdiction over CHSI. *Cf. Rosenberg*, 2012 WL 1963356, at *6 (finding no general jurisdiction where defendants, although registered with the Colorado Secretary of State, had no official presence in Colorado where they were not incorporated, did not have their principal place of business, and did not own any property,

---

[1] The Court also does not accept Plaintiff's allegation as true because it is conclusory. A plaintiff may only rely upon well-pled—and not conclusory—allegations to satisfy her prima facie showing of personal jurisdiction. *See Ten Mile Indus. Park*, 810 F.2d at 1524; *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

maintain any offices, or employ any individuals in Colorado).

Plaintiff has not filed any response opposing CHSI's Motion to Dismiss, and the Court, therefore, cannot ascertain what arguments Plaintiff might advance in support of personal jurisdiction. To the extent, however, that Plaintiff relies upon her allegation that CHSI is a remote parent company of the Hospital to support her claim of personal jurisdiction, the Court is not persuaded. CHSI argues, and the Court agrees, that CHSI's indirect ownership interest in the Hospital alone is not sufficient to subject CHSI to this Court's jurisdiction.

CHSI's citation to *Jemez Agency v. Cigna Corporation*, 866 F. Supp. 1340, 1343 (D.N.M. 1994), is apt. In *Jemez*, the court rejected the plaintiff's attempt to utilize a parent company's subsidiaries as a means of establishing jurisdiction over the parent. *See id.* The plaintiff maintained that the parent transacted business and committed tortious acts within New Mexico through its subsidiaries. *See id.* The *Jemez* court noted, "The general rule[] is that 'judicial jurisdiction over a subsidiary corporation does not of itself give a state judicial jurisdiction over the parent corporation[, even if] the parent owns all of the subsidiary's stock.'" *Id.* (quoting Restatement (Second) of Conflicts of Laws § 52 cmt. b (1971) and citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336-37 (1925)). The court explained that the parent "is merely the sole shareholder of [its subsidiaries]," that "[s]hareholders are generally not held responsible for the acts of the corporation," and that this "fundamental principal logically applies to parent and subsidiary corporations," *id*. Thus, the *Jemez* court held that "'[t]he mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent.'" *Id.* (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)); *see also* Charles A. Wright & Arthur R. Miller, 4A *Federal Practice & Procedure* § 1069.4 (3d ed.) ("if the subsidiary's presence in the state is primarily for the purpose of carrying on

9

its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent may not be acquired on the basis of the local activities of the subsidiary") (internal footnote omitted). The Court agrees with the principles of law stated in *Jemez*. Accordingly, consistent with *Jemez*, the Court holds that CHSI's status as the remote parent of the Hospital alone is not sufficient to confer general jurisdiction on this Court.[2]

B. Specific Jurisdiction.

The Court next considers whether Plaintiff has established a prima facie case of specific jurisdiction. Specific jurisdiction requires a plaintiff to show that (1) a defendant has "purposely avail[ed itself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws," and (2) that "the litigation results from alleged injuries that arise out of or relate to those activities." *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1090-91 (10th Cir. 1998) (citing *Burger King Corp. v. Rudzewiczi*, 471 U.S. 462, 472 (1985)); *see also Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). The actions by the defendant *itself* must have created the substantial connection with the forum. *See OMI Holdings*, 149 F.3d at 1090-91 (the injury must arise out of "'actions by the defendant [*it*]*self*

---

[2] The two exceptions identified by the *Jemez* court, under which a court may invoke personal jurisdiction over a parent corporation predicated upon the acts of its subsidiaries, are inapplicable here. *Cf. id.* The *Jemez* court explained, "First, if the parent's control of the subsidiary goes beyond that normally exercised by a majority shareholder, and is 'so complete as to render the subsidiary an instrumentality of the parent,' . . . the Court may deem the subsidiary the mere 'alter ego' of the parent, and accordingly, may pierce the corporate veil." *Id.* (quoting *Cruttenden v. Mantura*, 640 P.2d 932, 934 (N.M. 1982)). "Alternatively, if the subsidiary does an act at the direction of the parent, or in the course of the parent's business, the Court may characterize the subsidiary as an agent of the parent and thereby hold the parent answerable as a principal." *Id.* (citing Restatement (Second) of Conflicts of Laws § 562 cmt. b (1971); *Allen v. Toshiba Corp.*, 599 F. Supp. 381, 389 (D.N.M. 1984)). Plaintiff has not alleged facts or advanced arguments that support either exception.

that create a substantial connection with the forum state") (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 109 (1987)).

This Court already has held that the Fordham affidavit establishes that CHSI has no official presence in the State of New Mexico, that its only connection with New Mexico, on the facts before the Court, is its status as the remote parent company of the Hospital, and that this status is insufficient to confer personal jurisdiction on the Court. The Court also concludes that there is no evidence before the Court—or indeed allegation in the Complaint—that CHSI engaged in any specific act to purposefully avail itself of the privilege of conducting activities within New Mexico. To the contrary, the facts show that CHSI has not conducted any activities in New Mexico. *See supra* at 7; *infra* at 11-12. Thus, the Court concludes that Plaintiff cannot satisfy its burden of establishing the first element of a prima facie claim of specific jurisdiction.

The Court also concludes that Plaintiff has failed to satisfy her second prima facie showing. The facts set forth in the uncontested Fordham affidavit are controlling and reveal that this litigation does not arise out of or relate to any activities of CHSI. The Court already has concluded that CHSI engaged in no activities to purposely avail itself of the privilege of conducting activities in New Mexico. Even if a prima facie showing of specific personal jurisdiction did not require a substantial connection with New Mexico, and the Court were only to consider whether this litigation arose out of or related to any activity of CHSI (and not only an in-state activity of CHSI), this Court would nonetheless conclude that—on the facts before the Court—the injuries alleged are wholly unrelated to the activities of CHSI.

Fordham attests that CHSI was not responsible for any employment decision regarding Plaintiff, her supervisors, or her co-workers, and that CHSI was not otherwise involved in any of the acts or omissions alleged in the Complaint. Fordham further attests, more generally, that

11

CHSI does not operate the Hospital, control its day-to-day operations, control the manner or details of the work performed by Hospital employees, or hire, train, supervise, or discipline the employees. In addition, Fordham asserts that CHSI does not draft or require the Hospital to adopt bylaws or maintain policies, procedures, or an employee handbook. Finally, Fordham indicates that CHSI and the Hospital maintain separate accounting and banking records, that patients treated at the Hospital pay the Hospital and not CHSI, and that there is and was no overlap between the board of directors of CHSI and the board of trustees of the Hospital. Based upon these facts, which are uncontroverted, the Court concludes that Plaintiff has failed to demonstrate that CHSI's activities relate in any way to the injuries that give rise to Plaintiff's claims in this litigation. To the contrary, the facts before the Court indicate that CHSI played no role in the acts giving rise to Plaintiff's claims. Thus, Plaintiff has failed to satisfy the second element of her prima facie showing of specific jurisdiction.

For the foregoing reasons, the Court concludes that Plaintiff has failed to satisfy her prima facie burden of establishing that this Court has either general or specific jurisdiction over CHSI. Accordingly, the Court grants Defendant CHSI's Rule 12(b)(2) Motion to Dismiss.

II.     Traditional Notions of Fair Play and Substantial Justice.

If a court concludes that a defendant has minimum contacts with the forum state, the court next must determine whether the exercise of personal jurisdiction based on those contacts is consistent with traditional notions of "fair play and substantial justice." *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1359 (10th Cir. 1990) (internal quotations and citations omitted). In this case, however, the Court need not decide whether its exercise of personal jurisdiction meets this standard. The Court already has concluded that Plaintiff has failed to satisfy her prima facie burden of establishing that Defendant CHSI has sufficient minimum contacts with New Mexico to

permit the Court's exercise of either general or specific jurisdiction over it. This holding is dispositive. Therefore, the Court grants CHSI's Motion to Dismiss without addressing the question whether its exercise of personal jurisdiction over CHSI would offend traditional notions of fair play and substantial justice.

## **CONCLUSION**

For the foregoing reasons the Motion will be granted.

**IT THEREFORE HEREBY ORDERED** that Defendant Community Health Systems, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, filed January 8, 2014 [Doc. 5], is **GRANTED**.

DATED this 25th day of September, 2014.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge